IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Senvok Medical Inc<br><br>        Plaintiff,<br><br>vs.<br><br>Arix Med Inc<br><br>        Defendant. | Case No. 1:25-CV-11219 |

**COMPLAINT**

Plaintiff, Senvok Medical Inc (Plaintiff), by and for its Complaint against Defendant, Arix Med Inc. (Defendant), alleges to the Court as follows:

**INTRODUCTION**

1. This is an action for design patent infringement under the Patent Act, 35 U.S.C. §§ 171 et seq., and copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. brought by Plaintiff against Defendant for the unauthorized sale and offering for sale of products that infringe Plaintiff's copyrighted works and design patents.

**PARTIES**

2. Plaintiff is a company organized and existing under the laws of the State of California, with a principal place of business at 1660 Drew Circle, Davis, CA 95618.

3. Upon information and belief, Defendant is a company organized and existing under the laws of China with a principal place of business at 205 Xiayuan Road, Ste. 1-1-805, Quanzhou,

1

China 362100. Upon information and belief, Defendant maintains a systematic business presence within the United States, including within this District, by selling and offering for sale its products on Amazon.com and its official website arixmed.com.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under federal law, specifically the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., and the Patent Act, 35 U.S.C. §§ 101 et seq., including design patents under 35 U.S.C. §§ 171 et seq. This Court also has exclusive original jurisdiction pursuant to 28 U.S.C. § 1338(a) over claims arising under any Act of Congress relating to copyrights and patents.

5. This Court has personal jurisdiction over Defendant in that, at all times pertinent hereto, upon information and belief, Defendant is doing business and has systematic activities in this District and is committing infringing acts in Illinois and this District. More specifically, upon information and belief, at a minimum, Defendant offers for sale and sells the accused infringing devices, online and through retail outlets in this District and to residents of Illinois, including through the website arixmed.com and Amazon.com.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because the Northern District of Illinois is where Defendant has committed acts of infringement and has a regular and established place of business through advertisement, offering for sale, and selling infringing products to consumers in Illinois and in the Northern District of Illinois.

## THE PATENTS AND COPYRIGHT IN SUIT

7. Plaintiff is a company that designs and sells medical devices, including a non-invasive choking first aid device.

8. Plaintiff owns various intellectual property directed to its innovative medical devices, including United States Design Patent No. D1021070 (the "'070 Patent") and United States Design Patent No. D1018837 (the "'837 Patent") (collectively "Plaintiff Patents"), as well as United States Copyright Registration No. VAu 1-551-685 (the "Plaintiff Copyright").

9. To the extent required, Plaintiff has complied with all marking requirements under 35 U.S.C. §287.

10. The '070 Patent, entitled "Face Covering Device," was duly and legally issued to Plaintiff by the United States Patent and Trademark Office. A true and correct copy of the '070 Patent is attached hereto as Exhibit 1.

11. The '837 Patent, entitled "Breathing Apparatus," was duly and legally issued and assigned to Plaintiff by the United States Patent and Trademark Office. A true and correct copy of the '837 Patent and the assignment record are attached hereto as Exhibit 2.

12. The Plaintiff Copyright, entitled "Portable Choking Rescue Device in Orange Introduction and 3 Other Unpublished Works", was duly registered and legally issued to Plaintiff by the United States Copyright Office. A true and correct copy of the Plaintiff Copyright is attached hereto as Exhibit 3.

**THE ACCUSED PRODUCTS AND INFRINGING ACTIVITIES**

13. Defendant has been, and continues to be, making, using, selling, offering for sale, and importing into the United States, including within the Northern District of Illinois, a choking first aid device under the brand name Arixmed (the "Infringing Device").

14. The Infringing Device is sold, marketed, and advertised in the United States, including within this District, through online retail platforms such as the Amazon store page linked

to by Defendant (infringement evidence attached hereto as <u>Exhibit 4</u>) and its own e-commerce store at arixmed.com (infringement evidence attached hereto as <u>Exhibit 5</u>), and through other third-party retailers.

## COUNT I - DESIGN PATENT INFRINGEMENT ('070 Patent)

15. The '070 Patent is valid and enforceable.

16. Plaintiff is the assignee and owner of the '070 Patent, and it has all necessary rights to enforce the '070 Patent and to receive all damages and the benefits of all other remedies for Defendant's infringement.

17. Without permission or authorization from Plaintiff and in violation of 35 U.S.C. § 271(a), Defendant is making, selling, offering for sale, importing, and/or using in this District and elsewhere in the United States, the Infringing Device, that infringes the '070 Patent.

18. The Infringing Device contains each and every aspect of the claimed ornamental design in the '070 Patent.



| '070 Patent, Figure 1 | Infringing Device |

19. The Infringing Device has an overall appearance that is confusingly similar to the

claimed design in the '070 Patent, such that an ordinary observer would be deceived into believing the accused product is the same as the patented design.

20. The Infringing Device has an overall ornamental appearance that is substantially the same as the claimed design in the '070 Patent.

### COUNT II - DESIGN PATENT INFRINGEMENT ('837 Patent)

21. The '837 Patent is valid and enforceable.

22. Plaintiff is the current assignee and owner of the '837 Patent, and it has all necessary rights to enforce the '837 Patent and to receive all damages and the benefits of all other remedies for Defendant's infringement.

23. Without permission or authorization from Plaintiff and in violation of 35 U.S.C. § 271(a), Defendant is making, selling, offering for sale, importing, and/or using in this District and elsewhere in the United States, the Infringing Device, that infringes the '837 Patent.

24. The Infringing Device contains each and every aspect of the claimed ornamental design in the '837 Patent.



| '837 Patent, Figure 5 | Infringing Device |

25. The Infringing Device has an overall appearance that is confusingly similar to the claimed design in the '837 Patent, such that an ordinary observer would be deceived into believing the accused product is the same as the patented design.

26. The Infringing Device has an overall ornamental appearance that is substantially the same as the claimed design in the '837 Patent.

### COUNT III - COPYRIGTH INFRINGEMENT

27. Plaintiff owns all exclusive rights, including without limitation the rights to reproduce the copyrighted works in copies, to prepare derivative works based upon the copyrighted works, and to distribute copies of the copyrighted works to the public by sale or other transfer of ownership, or by rental, lease, or lending, in the Plaintiff Copyright.

28. Defendant has sold, offered to sell, marketed, distributed, and advertised, and is still selling, offering to sell, marketing, distributing, and advertising products in connection with the

Plaintiff Copyright without Plaintiff's permission.

29. Defendant had access to the Plaintiff incorporating Plaintiff Copyright before Defendant started to sell the Infringing Product.

30. Upon information and belief, Defendant has directly copied the Plaintiff Copyright or part of the copyrighted works. Alternatively, Defendant's representations of Plaintiff Copyright or part thereof on Amazon store and arixmed.com are strikingly similar, or at the very least substantially similar to the Plaintiff Copyright, and constitute unauthorized copying, reproduction, distribution, creation of a derivative work, and/or public display of Plaintiff Copyright or part thereof.

31. As just one example, Defendant deceive unknowing consumers by using the Plaintiff Copyright without authorization within the product descriptions and depiction of its online store to attract customers as follows:

    

Copyrighted Work                                   Infringing Device

**WILLFUL INFRINGEMENT**

32. Upon information and belief, Defendant has had knowledge of Plaintiff Patents and Plaintiff Copyright and has continued its infringing activities despite this knowledge. On June 2, 2025, Plaintiff communicated Defendant of infringement on Plaintiff Patents and Plaintiff Copyright by sending a warning letter to Defendant's customer service email address. Defendant did not respond nor stopped infringement. Thus, Defendant has acted with a reckless disregard for Plaintiff's patent and copyright rights by continuing to sell the Infringing Device. This constitutes willful infringement.

**PRAYER FOR RELIEF**

33. WHEREFORE, Plaintiff respectfully prays for entry of a judgment and relief as follows:

a) For a judgment that Defendant has infringed the Plaintiff Patents and Plaintiff Copyright;

b) For a preliminary and permanent injunction enjoining Defendant and its agents, officers, directors, employees, and all persons in privity or active concert or participation with them, directly or indirectly, from infringing the Plaintiff Patents and Plaintiff Copyright;

c) For a judgment and award that Defendant account for and pay to Plaintiff damages, consistent with 35 U.S.C. § 284, which are damages adequate to compensate for Defendant's infringement of the Plaintiff Patents, including lost profits but in no event less than a reasonable royalty;

d) For a finding that Defendant's infringement is willful and an award of increased damages for willful infringement pursuant to 35 U.S.C. § 284;

e) For a judgment and award of Defendant's total profits, consistent with 35 U.S.C. § 289;

f) For a judgment and award of damages or profits, consistent with 17 U.S. Code § 504(b), or in the alternative, statutory damages of not more than $30,000 for each and every infringement of the Plaintiff Copyright pursuant to 17 U.S.C. § 504(c)(1), which should be enhanced to a sum of not more than $150,000 by 17 U.S.C. § 504(c)(2) because of Defendant's willful copyright infringement;

g) For a judgment and award of any supplemental damages sustained by Plaintiff for any continuing post-verdict infringement of the Plaintiff Patents and Plaintiff Copyright until entry of final judgment with an accounting as needed;

h) For an order finding that this case is an exceptional case under 35 U.S.C. § 285 and awarding Plaintiff its costs, expenses, and disbursements incurred in this action, including reasonable attorneys' fees as available by law to be paid by Defendant;

i) For an award of pre-judgment interest, post-judgment interest, and costs in this action; and

j) For an award of such other relief to Plaintiff as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

34. Plaintiff demands a trial by jury on all issues so triable.

Dated: September 17, 2025.   Respectfully submitted,

*/s/ Diqing Vincent Yu*
Diqing Vincent Yu
NY Bar No. 4895058
Admitted to N.D. Ill.
EBIZ LAW LLC
1178 Broadway, 3rd Floor #3142
New York, NY 10001
(212)960-3558
vincent.yu@ebiz.law